UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:21-cv-22

| | |
|---|---|
| PHILLIP JONES, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) **ANSWER** |
| LEGACY HEALTHCARE SERVICES, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

NOW COMES Defendant, by and through the undersigned counsel, and hereby responds to Plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

To the extent this statement requires a response, it is admitted that Plaintiff was a salesman, manager, and senior vice president of business development and that he submitted a complaint to Defendant's Human Resources who conducted an investigation and determined that the complaint about age discrimination were baseless and unfounded. It is further admitted that Plaintiff has filed this lawsuit alleging claims that speak for themselves. It is specifically denied that Plaintiff was targeted, discriminated against, retaliated against or that Defendant is an any way liable to Plaintiff under any statute, law or theory. Except as admitted, denied.

## FIRST DEFENSE

In response to the individually numbered allegations of Plaintiff's Complaint, and without waiving any other defenses asserted herein, but relying specifically thereupon, Defendant states as follows:

1. The first sentence in paragraph 1 is admitted upon information and believe. It is

1

also admitted that Plaintiff was employed by Defendant. The remaining allegations are denied.

2. Admitted.

3-4. The allegations in these paragraphs constitute legal conclusions for which no response is required.

5. No response is required.

6. Admitted.

7. It is admitted that Plaintiff supervised and managed the sales team and worked to build relationships and attempt to grow business. Except as admitted, denied as stated.

8. Denied as stated.

9. Admitted.

10. Denied as stated.

11. Admitted.

12. Denied as stated.

13-14. Denied.

15. It is admitted that emails are written documents, the contents of which speak for themselves. To the extent the allegations in this paragraph contradict the written document, they are denied. Except as admitted, denied.

16. Denied.

17. It is admitted that Mr. Ryan met with Plaintiff to discuss numerous performance issues and his belief that Plaintiff was not suited to handle the day to day operations of the business development team. It is further admitted that Mr. Ryan told Plaintiff that he had made the decision to have Plaintiff assume a different role in the organization and that he would be hiring a new Vice President of Business Development. Except as admitted, denied.

18. Denied.

19. It admitted that Mr. Ryan presented a written document, the contents of which speak for themselves. To the extent the allegations in this paragraph contradict the written document, they are denied. Except as admitted, denied.

20. Denied as stated.

21. It is admitted that Mr. Ryan provided Plaintiff with a draft job description. Except as admitted, denied as states.

22. Denied as stated.

23-25. Denied as stated.

26. It is admitted that Mr. Ryan informed Plaintiff that he was not receiving a bonus. Except as admitted, denied as stated.

27. Denied as stated.

28. It is admitted that on February 6, 2020, Plaintiff, for the first time, made a complaint to the Human Resources Department that the nonpayment of bonus was based on age discrimination. Except as admitted, denied.

29. The allegations in the first sentence of this paragraph are admitted. Except as admitted, denied.

30. It is admitted that Plaintiff ultimately received a bonus equalling $3,997.50. Except as admitted, denied as stated.

31. It is admitted, that on February 27, 2020, Ms. Lederer and Mr. Fink advised Mr. Jones of the resolution of his complaint and scheduled a meeting for March 2, 2020 with Mr. Ryan to discuss performance gaps and the sales realignment of business development group. Except as admitted, denied as stated.

32. It is admitted that on March 2, 2020, Mr. Fink, Mr. Ryan and Plaintiff met to go over the process of the realignment of the business development group and to move forward with hiring of a new Vice President of Business Development, with Plaintiff assuming the role of Business Development for North Carolina, South Carolina and Virginia, with a defined quota and a market based salary, in addition to a commission plan. It is further admitted that a letter that was given to Mr. Jones outlining the transition to Director of Regional Business Development. Except as admitted, denied as stated.

33. It is admitted that on March 4, 2020, Plaintiff sent an email to Mr. Fink, which is a written document, the contents of which speaks for itself. To the extent the allegations in this paragraph contradict the written document, they are denied. Except as admitted, denied.

34. It is admitted that later on March 4, 2020, Mr. Fink then sent Plaintiff a letter, which is a written document, the contents of which speaks for itself. To the extent the allegations in this paragraph contradict the written document, they are denied. Except as admitted, denied.

35. It is admitted that Mr. Pettit is younger than Plaintiff. Except as admitted, denied.

36. It is admitted that Plaintiff filed a charge of discrimination with the EEOC, which is a written document, the contents of which speaks for itself. To the extent the allegations in this paragraph contradict the written document, they are denied.

37. It is admitted that the EEOC issued a Notice of Right to Sue letter. Except as admitted, denied as stated.

38. No response is required.

39-40. Admitted.

41. Denied for lack of information or belief.

42. Admitted.

43-51. Denied.

52. No response is required.

53-54. Admitted.

55. Denied for lack of information or belief.

56-63. Denied.

64. No response is required.

65-66. Admitted.

67. It is admitted that the referenced statute is a written document, the contents of which speaks for itself. To the extent the allegations in this paragraph contradict the written document, they are denied.

68-71. Denied.

72. No response is required.

73-74 Admitted.

75. It is admitted that the referenced statute is a written document, the contents of which speaks for itself. To the extent the allegations in this paragraph contradict the written document, they are denied.

76-79. Denied.

80. No response is required.

81-82. It is admitted that the referenced statutes are written documents, the contents of which speak for themselves. To the extent the allegations in this paragraph contradict the written documents, they are denied.

83-88. Denied.

89. No response is required.

90. Denied as stated or for lack of information or belief.

91-93. Denied.

94. No response is required.

95-98. Denied.

EACH AND EVERY OTHER ALLEGATION CONTAINED IN THE COMPLAINT WHICH HAS NOT BEEN SPECIFICALLY ADMITTED OR OTHERWISE RESPONDED TO HEREIN, INCLUDING PLAINTIFF'S PRAYER FOR RELIEF, IS HEREBY DENIED.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state, in whole or in part, a claim against the Defendant upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND AFFIRMATIVE DEFENSE**

Defendant has complied in good faith with all applicable laws and regulations and having so complied, acted without improver motive, and any injury accruing to Plaintiff, the existence of which is specifically denied, is not actionable.

**THIRD AFFIRMATIVE DEFENSE**

The employment practices of Defendant are now, and have been during the period of time relevant to Plaintiff's Complaint, conducted in all respects in accordance with state and federal laws, and in good faith.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks relief for conduct occurring more than 180 days before he filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Plaintiff's claim is barred by the statute of limitations set forth under Title VII.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant has not deprived the Plaintiff of any rights protected by Title VII of the Civil

Rights Act of 1964, as amended and Title I of the Civil Rights Act of 1991.

## SIXTH AFFIRMATIVE DEFENSE

For purposes of Plaintiff's claim, this Court is without jurisdiction over any and all acts of discrimination alleged in the Complaint that were not stated in Plaintiff's Charge of Discrimination filed with the EEOC.

## SEVENTH AFFIRMATIVE DEFENSE

Title VII limits the amount of damages that Plaintiff can recover against the Defendant for compensatory and punitive damages. Accordingly, any amount claimed in excess thereof should be dismissed.

## EIGHT AFFIRMATIVE DEFENSE

Defendant pleads all applicable statutes of limitation and repose in bar, in whole or in part, to recovery by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

In the alternative, Defendant pleads upon information and belief that Plaintiff failed to exercise reasonable diligence and ordinary care to minimize his damages, and Defendant therefore pleads the doctrine of avoidable consequences and the defense of failure to mitigate damages in bar of Plaintiff's claim against the Defendant.

## TENTH AFFIRMATIVE DEFENSE

The employment actions about which Plaintiff complains occurred solely as a result of his own actions and failing to properly carry out the duties and responsibilities of his job and Defendant pleads unclean hands in bar of plaintiff's Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is in violation of the Fifth and Fourteenth

Amendments to the Constitution of the United States in that it deprives Defendant of property without due process of law; further the claim for punitive damages is violative of the Fourteenth Amendment of the Constitution of the United States concerning protection; and the punitive damages claim is further in violation of the Eighth Amendment of the Constitution of the United States prohibiting in position of excessive fines.

## **ADDITIONAL AFFIRMATIVE DEFENSE**

Defendant reserves the right to amend its Answer to Plaintiff's Complaint and to assert additional affirmative defenses as the claims of Plaintiff are more fully disclosed during the course of this litigation.

WHEREFORE, Defendant, having fully responded to Plaintiff's Complaint, prays unto the Court as follows:

1. That Plaintiff have and recover nothing of Defendant;

2. For the dismissal of Plaintiff's action;

3. For the cost of defending this action, including reasonable attorney fees;

4. For trial by jury of all issues triable herein; and

5. For such other and further relief as this Court deems just and proper.

This the 12th day of February, 2021.

                                                CRANFILL SUMNER & HARTZOG, LLP

                                                BY:   /s/Patrick H. Flanagan
                                                               Patrick H. Flanagan, State Bar #17407
                                                               *Attorney for Defendant*
                                                               Post Office Box 30787
                                                               Charlotte, North Carolina 28230
                                                               Telephone: (704) 332-8300
                                                               Facsimile: (704) 332-9994
                                                               phf@cshlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2021, I electronically filed the foregoing ANSWER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

>Joseph E. Hjelt
>jhjelt@kglawnc.com
>*Attorney for Plaintiff*

                CRANFILL SUMNER LLP

BY: /s/Patrick H. Flanagan
      Patrick H. Flanagan, State Bar #17407
      Attorney for Defendant
      Post Office Box 30787
      Charlotte, North Carolina 28230
      Telephone: (704) 332-8300
      Facsimile: (704) 332-9994
      phf@cshlaw.com